# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NORTH CAROLINA
## WESTERN DIVISION
## No. 5:13-CV-315-BO

| | |
|---|---|
| JOHN LASCHKEWITSCH as | ) |
| administrator for the Estate of Ben | ) |
| Laschkewitsch, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   O R D E R |
| | ) |
| LINCOLN LIFE AND ANNUITY | ) |
| DISTRIBUTORS, INC., d/b/a LINCOLN | ) |
| FINANCIAL GROUP, INC. | ) |
| | ) |
| Defendant. | ) |

This cause comes before the Court on plaintiff's *pro se* motion for lack of personal

jurisdiction and improper venue and defendant's motion to strike. For the reasons discussed

below, plaintiff's motion is denied and defendant's motion to strike is granted in part and denied

in part.

## BACKGROUND

Plaintiff filed this breach of contract action in Cumberland County Superior Court.

Defendant timely removed the action to this Court on the basis of its diversity jurisdiction. 28

U.S.C. §§ 1441; 1332. The matter relates to a life insurance policy issued to Ben Laschkewitsch,

now deceased; plaintiff is the administrator of the estate. Plaintiff contends that defendant has

refused to pay his claim for the life insurance proceeds in the amount of $800,000.

## DISCUSSION

I.    PLAINTIFF'S MOTION FOR LACK OF PERSONAL JURISDICTION

Plaintiff's motion for lack of personal jurisdiction, construed liberally as he is proceeding

*pro se*, appears to be a motion to remand. In his motion, plaintiff contends that defendant's principal place of business is in Greensboro, North Carolina, and that diversity jurisdiction does therefore not exist. A corporation is considered a citizen of any state by which it has been incorporated as well as the state in which it maintains its principal place of business. 28 U.S.C. section 1332. A corporation's principal place of business is located at its "nerve center", where "a corporation's officers direct, control, and coordinate the corporation's activities." *Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010). The nerve center is normally the corporation's headquarters. *Id.* at 93.

Defendant is incorporated in Indiana and maintains its headquarters in Radnor, Pennsylvania. Phillips Aff. 1. Defendant's Radnor, Pennsylvania headquarters is where seven of eight executive officers are located, where corporate policy is set, and where the executive management team directs, controls, and coordinates defendant's activities. Phillips Aff. 1-2. Defendant is therefore a citizen of Indiana and Pennsylvania for the purposes of diversity jurisdiction; that basis of plaintiff's argument – where defendant conducted "its affairs at issue" – is not germane to this inquiry.

Venue is also proper in this Court as an action properly removed under 28 U.S.C. § 1441 shall be removed to the district court of the United States for the district and division within which the state court action was pending; Cumberland County lies within this Court's geographic boundaries. Finally, the Court maintains subject matter and personal jurisdiction over defendant's counterclaims against plaintiff. First, as defendant's counterclaims arise out of the same transaction or occurrence that is the subject of plaintiff's claims, the life insurance policy issued to the deceased, they are compulsory counterclaims and are considered part of the same case or

2

controversy. 28 U.S.C. § 1367(a); *Painter v. Harvey*, 863 F.2d 329, 331 (4th Cir. 1988). Second, plaintiff, who admitted that he is domiciled in Cumberland County, North Carolina is well-within the reach of North Carolina's long-arm statute, N.C. Gen. Stat. § 1-75.4(1)(b), and, more importantly, by filing suit plaintiff has waived any objection to personal jurisdiction with respect to any compulsory counterclaims by defendant. *See e.g. Leman v. Krentler-Arnold Hinge Last Co.*, 284 U.S. 448, 451 (1932) ("When the [plaintiff] brought suit . . . [he] submitted [him]self to the jurisdiction of the court with respect to all the issues embraced in the suit, including those pertaining to the counterclaim of defendant[]. . . ."). Plaintiff's motion for lack of personal jurisdiction and improper venue is therefore denied.

II. DEFENDANT'S MOTION TO STRIKE

Rule 7(a)(7) of the Federal Rules of Civil Procedure provides that a reply to an answer may be filed only where the court has ordered one. The Court has not ordered plaintiff to reply to defendant's answer, and thus defendant's motion to strike those portions of defendant's reply at docket entry number twelve that pertain only to defendant's answer and affirmative defenses is allowed. *See e.g. Nunley v. Kloehn*, 158 F.R.D. 614, 620 (E.D.Wis. 1994).

Rule 12(f) of the Federal Rules of Civil Procedure permits a court to strike a from a pleading "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Motions to strike are generally disfavored in this circuit, however, "because striking a portion of a pleading is a drastic remedy and because it is often sought by the movant simply as a dilatory tactic." *Waste Mgmt. Holdings, Inc. v. Gilmore*, 252 F.3d 316, 347 (4th Cir. 2001). In considering whether to allow a motion to strike an affirmative defense, the Court applies the same pleading requirements as those applied to a complaint; in other words, the Court considers

3

whether the claims or defenses pled contain "more than labels and conclusions" or "a formulaic recitation of the cause of action." *See Racick v. Dominion Law Assoc.*, 270 F.R.D. 228, 233-34 (E.D.N.C. 2010) (following the majority of courts in this circuit that mandate the same pleading requirements for complaints as for affirmative defenses) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

As noted above, because plaintiff is now proceeding *pro se*, the Court must liberally construe his pleadings. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Though it is not specifically denominated in the rules, courts having considered the issue have concluded that a compulsory counterclaim may be asserted in a reply to a counterclaim. *See Baker v. Borg Warner Morse Tec, Inc.*, Civil Action No. 3:11-505, 2012 WL 195011 *2 (S.D.W.V. January 23, 2012). While plaintiff's counterclaims contained in his reply are not well-denominated, the Court declines to strike each of these claims in light of the disfavor of such a remedy. Defendant is clearly on notice of the additional claims raised by plaintiff, and as they also arise out of the same transaction or occurrence they are deemed to be compulsory.

Construing plaintiff's claims in his reply liberally, the Court finds that only the following claim has been sufficiently pled and is plausible enough to survive the motion to strike: plaintiff's claim under N.C. Gen. Stat. 58, Article 63-15(11) for unfair settlement practices . [DE 12, Eleventh Affirmative Defense]. Plaintiff's claim for unfair and deceptive trade practices under N.C. Gen Stat. § 75-1.1 and claim for punitive damages under N.C. Gen. Stat 1D are not sufficiently plead and are therefore stricken. The Court declines to strike the portions of plaintiff's twelfth affirmative defense identified by defendant as they are not sufficiently scandalous or impertinent to warrant such drastic remedy.

4

## CONCLUSION

For the foregoing reasons, plaintiff's motion for lack of subject matter jurisdiction [DE 10] is DENIED and defendant's motion to strike [DE 21] is GRANTED IN PART AND DENIED IN PART. Plaintiff's responses to defendant's affirmative defenses contained in his reply to defendant's answer are STRICKEN, as are plaintiff's counterclaims for unfair and deceptive trade practices and punitive damages. Only plaintiff's claim for unfair settlement practices under N.C. Gen. Stat. 58, Article 63-15(11) survives as a properly pled counterclaim in reply to defendant's counterclaim. Should plaintiff wish to make a showing that any other claims he purportedly included in his reply should be considered properly before the Court, he may seek leave to amend his pleading pursuant to Rule 15 of the Federal Rules of Civil Procedure.

SO ORDERED, this ⟋⟍⟋ day of October, 2013.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

5