IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:13-CV-315-BO

| | |
|---|---|
| JOHN LASCHKEWITSCH as administrator for the Estate of Ben Laschkewitsch, ) ) ) ) | |
| Plaintiff, ) ) | |
| v. ) ) | O R D E R |
| LINCOLN LIFE AND ANNUITY DISTRIBUTORS, INC., d/b/a LINCOLN FINANCIAL GROUP, INC. ) ) ) ) | |
| Defendant. ) | |

This cause comes before the Court on plaintiff's *pro se* motion for leave to amend his pleadings and defendant's motions to strike. For the reasons discussed below, plaintiff's motion is denied and defendant's motions to strike are granted.

## BACKGROUND

Plaintiff filed this breach of contract action in Cumberland County Superior Court. Defendant timely removed the action to this Court on the basis of its diversity jurisdiction. 28 U.S.C. §§ 1441; 1332. The matter relates to a life insurance policy issued to Ben Laschkewitsch, now deceased; plaintiff is the administrator of the estate. Plaintiff contends that defendant has refused to pay his claim for the life insurance proceeds in the amount of $800,000.

## DISCUSSION

I.    PLAINTIFF'S MOTION TO AMEND

Plaintiff's motion for leave to amend his pleadings is denied. In his motion to amend, plaintiff has not provided the Court with the proposed amendments he would make to his

pleadings. Though his motion for leave discusses in detail defendant's financial activities and its participation in the TARP program, nowhere does plaintiff inform the Court how he seeks to amend specifically selected sections of his complaint and his compulsory counterclaim. Without knowing the substance of plaintiff's proposed amendments, the Court cannot grant plaintiff leave to file.

Nor does the Court consider plaintiff's "ammended pleadings" [DE 34], filed prior to any grant of leave to file an amended pleading, to serve as the proposed amendments to his pleadings. Plaintiff's "ammended pleadings" include revisions to plaintiff's affirmative defenses, and are unrelated to the proposed amendments relating to the TARP program and defendant's financial activities as alleged in plaintiff's motion for leave to file.

Plaintiff is notified that where leave of court is required in order to file, as it is in this case in order for plaintiff to amend his pleadings, *see* Fed. R. Civ. P. 15(a)(2), leave must be secured *prior* to the filing of the proposed document and may not be assumed to be granted merely because the Court has notified the party that it may seek leave to file.

II.   DEFENDANT'S MOTION TO STRIKE PLAINTIFF'S "AMMENDED PLEADINGS"

Rule 12(f) of the Federal Rules of Civil Procedure permits a court to strike a from a pleading "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." As discussed above, because plaintiff had not secured leave to amend and because the amendments filed do not relate to plaintiff's amendments as alleged in his motion for leave, the document entitled "Plaintiff's Ammended Pleadings," filed at docket entry thirty-four (34), has been improperly filed. Defendant's motion to strike this document is therefore granted. *See e.g. Daniels v. Nichols*, 2011 WL 780528 *4 (E.D.N.C. 2011) (improper pleading stricken).

III.  DEFENDANT'S MOTION TO STRIKE PLAINTIFF'S REPLY TO DEFENDANT'S ANSWER TO PLAINTIFF'S COUNTERCLAIM

Defendant's second motion to strike is also granted. As the Court has previously noted in this matter, Rule 7(a)(7) of the Federal Rules of Civil Procedure provides that a reply to an answer may be filed only where the court has ordered one. The Court has not ordered plaintiff to reply to defendant's answer, and thus defendant's motion to strike plaintiff's reply is granted.

## CONCLUSION

For the foregoing reasons, plaintiff's motion for leave to amend [DE 30] is DENIED and defendant's motions to strike [DE 39 & 42] are GRANTED. Plaintiff's documents filed at docket entries thirty-four (34) and thirty-eight (38) are STRICKEN from the record as having been improperly filed.

Though plaintiff is proceeding *pro se* and the Court may not hold him to the same standards as an attorney, he is still expected to comply with the rules of procedure and is advised to familiarize himself with both the Federal Rules of Civil Procedure and the Local Rules of this Court before proceeding further in this matter.

SO ORDERED, this __ day of February, 2014.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

3