IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:13-CV-315-BO

JOHN B. LASCHKEWITSCH as administrator )
for the Estate of Ben Laschkewitsch, )
)
    Plaintiff, )
)
v. ) **ORDER**
)
LINCOLN LIFE AND ANNUITY )
DISTRIBUTORS, INC., d/b/a/ LINCOLN )
FINANCIAL GROUP, INC., )
)
    Defendant. )

This matter is before the Court on plaintiff's *pro se* motion to quash defendant's subpoena of Reliastar Life Insurance Company [DE 57], and his *pro se* motion for a protective order of insured's medical records and other life insurance documents [DE 59]. For the following reasons, the motions are DENIED.

## BACKGROUND

On January 3, 2014, Lincoln served its first set of interrogatories and requests for production of documents to plaintiffs. Lincoln requested, among other things, all documents plaintiff has served or been served in connection with the Reliastar Litigation (*See Reliastar Life Ins. Co. v. Laschkewitsch*, No. 5:13-CV-210), information in plaintiff's possession relating to the health of the insured, and documents relating to the insured's applications to other life insurance companies. Plaintiff objected to these requests claiming that he could not produce the requested documents without violating the protective order in place in the Reliastar Litigation.

Because plaintiff refused to produce the requested documents, Lincoln served subpoenas on several life insurance companies to which the insured applied for coverage and on medical providers of the insured on February 7, 2014. Lincoln indicated that it would treat all documents received as confidential. As required by FED. R. CIV. P. 45(a)(4), Lincoln first served a notice of issuance of subpoenas on plaintiff to provide him a full and fair opportunity to interpose any objection.

## DISCUSSION

This Court has previously dealt with frivolous motions filed by plaintiff in the Reliastar Litigation. *See Reliastar* [DE 100]. The motions in this case currently before the Court are of similar merit. Rather than respond to defendant's discovery requests, plaintiff has forced defendant to attempt to obtain the documents through other means. When defendant attempted this plaintiff filed the instant motions with no other argument than that a protective order in the Reliastar Litigation prevents some discovery in this case and broadly alleges that defendant is in violation of the Health Insurance Portability and Accountability Act.

First, plaintiff has no argument for quashing the subpoena of Reliastar. "It is well settled that, to be timely, a motion to quash a subpoena must be made prior to the return date of the subpoena." *Estate of Ungar v. Palestinian Auth.*, 451 F. Supp. 2d 607, 610 (S.D.N.Y. 2006). Here, plaintiff did not file his motion to quash until March 3, 2014, after the subpoena return date of February 28, 2014, and is therefore procedurally improper. Even were it proper, Lincoln cannot violate the protective order in place in the Reliastar Litigation to which it is not a party. Further, paragraph 11 of the protective order expressly contemplates the production of documents in response to a subpoena from a third party. *Reliastar* [DE 42]. As plaintiff's

2

Case 5:13-cv-00315-BO   Document 64   Filed 03/21/14   Page 2 of 3

arguments to quash the subpoena are procedurally improper and meritless, plaintiff's motion is denied.

Plaintiff's motion for protective order relies on the same meritless arguments as plaintiff's motion to quash, but adds the HIPAA violation claim. Plaintiff accuses defendant of "annoyance" or harassment by seeking information from third parties that plaintiff has refused to provide himself. This is plainly not the case. Lincoln's request of third parties for documents rather than motioning this Court to compel plaintiff's production of the same documents if anything saves plaintiff time and money associated with the burdens of production. Further, plaintiff does not support his HIPAA allegation with any citation to law and it is clearly frivolous. Finally plaintiff accuses defendant of violating the protective order in place in the Reliastar Litigation, which as discussed previously, is impossible. Accordingly, plaintiff's motion is denied.

## CONCLUSION

For the foregoing reasons, plaintiff's motion to quash [DE 57] is DENIED and plaintiff's motion for protective order [DE 59] is DENIED. The motions are clearly meritless.

SO ORDERED.

This the __20__ day of March, 2014.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

3