IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:13-CV-315

JOHN LASCHKEWITSCH as administrator for
the Estate of Ben Lachkewitsch,

    Plaintiff,

v.

LINCOLN LIFE AND ANNUITY
DISTRIBUTORS, INC., d/b/a LINCOLN
FINANCIAL GROUP, INC.,

    Defendant.

**ORDER**

This case comes before the court on a consent motion [D.E. 65] by Defendant Lincoln Life and Annuity Distributors, Inc. ("Lincoln") for leave to depose three health care providers. The motion has been fully briefed, and the Plaintiff has consented. The motion will be allowed.

### APPLICABLE LEGAL STANDARDS

The Federal Rules of Civil Procedure enable parties to obtain information by serving requests for discovery, including depositions. *See generally* Fed. R. Civ. P. 26-37. Rule 26 provides for a broad scope of discovery:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . . For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

Fed. R. Civ. P. 26(b)(1). The rules of discovery, including Rule 26, are to be given broad and liberal construction. *Herbert v. Lando*, 441 U.S. 153, 177 (1979); *Nemecek v. Bd. of Governors*, No. 2:98-CV-62-BO, 2000 WL 33672978, at *4 (E.D.N.C. 27 Sep. 2000).

While Rule 26 does not define what is deemed relevant for purposes of the rule, relevance has been "'broadly construed to encompass any possibility that the information sought may be relevant to the claim or defense of any party.'" *EEOC v. Sheffield Fin. LLC*, No. 1:06CV889, 2007 WL 1726560, at *3 (M.D.N.C. 13 Jun. 2007) (quoting *Merrill v. Waffle House, Inc.*, 227 F.R.D. 467, 473 (N.D. Tex. 2005)). The district court has broad discretion in determining relevance for discovery purposes. *Watson v. Lowcountry Red Cross*, 974 F.2d 482, 489 (4th Cir. 1992).

Where a party seeks to discover medical information, such disclosure or associated use of the information may be governed by the existence of a physician-patient privilege and/or the Health Insurance Portability and Accountability Act ("HIPAA"), 42 U.S.C. §§ 1320d *et. seq.* While federal law does not recognize a physician-patient privilege, North Carolina law provides that no physician "shall be required to disclose information which he may have acquired in attending a patient" without authorization of the patient. N.C. Gen. Stat. § 8-53; *Young v. Kimberly-Clark Corp.*, 724 S.E.2d 552, 556 (N.C. App. 2012). The statute further provides, however, that a judge may "compel disclosure if in his opinion disclosure is necessary to a proper administration of justice." N.C. Gen. Stat. § 8-53. Trial judges are afforded wide discretion in assessing whether disclosure is necessary to a proper administration of justice and "should not hesitate to require the disclosure where it 'appears to them to be necessary in order that the truth be known and justice be done.'" *Nicholson v. Thom*, 714 S.E.2d 868, 868 (N.C. App. 2011) (Table) (quoting *State v. Efird*, 309 N.C. 802, 806, 309 S.E.2d 228, 231 (1983)).

Similarly, HIPAA specifically allows a health care provider to release protected medical information pursuant to court order. 45 C.F.R. § 164.512(e); *Mitchell v. Conseco Life Ins. Co.*, No. 8:12-548-TMC, 2013 WL 2407129, at *3 (D.S.C. 3 Jun. 2013) ("Under HIPAA, 45 C.F.R.

§ 164.512(e) provides that, pursuant to a court order, a 'covered entity may disclose protected health information in the course of any judicial or administrative proceeding . . . .'"); *Carpenter v. Res-Care Health Services, Inc.*, No. 3:12-cv-8047, 2013 WL 1750464, at *3 (S.D. W.Va. 23 Apr. 2013) ("[HIPAA], 45 C.F.R. Parts 160, 164, which governs the use and disclosure of protected health information, allows a health care provider to release medical information pursuant to a court order.").

## ANALYSIS

Lincoln moves for leave to conduct the depositions of three of the insured's treating physicians: (1) Dr. Lucas Van Tran; (2) Dr. Aleyamma J. Mani; and (3) Dr. Morton Meltzer, to elicit testimony concerning the insured's medical diagnosis, records, tests, and treatment. Plaintiff consents to the motion.

Information as to the Insured's medical condition clearly is a critical issue in the case. The information relates, for example, to the veracity of the information included in the application for the policy, Plaintiff's intent with respect to the representations in the application for the policy, and the health of the Insured at the time Plaintiff submitted the application for the policy. In addition, the court has entered a Protective Order in this case [D.E. 52] providing for the protection of confidential information, specifically including protected health information, and limiting the disclosure of such information to use in this litigation only, a measure which will ensure that the confidential nature of the information is appropriately protected.

For these reasons, the court finds that allowing the requested depositions is necessary to a proper administration of justice and appropriate under the circumstances. Accordingly, Lincoln's motion will be allowed.

## CONCLUSION

For the foregoing reasons, Defendant Lincoln's motion for leave to depose health care providers [D.E. 65] is ALLOWED and plaintiff may take the depositions of (1) Dr. Lucas Van Tran; (2) Dr. Aleyamma J. Mani; and (3) Dr. Morton Meltzer.

SO ORDERED.

This the 3 day of April, 2014.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE