IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:13-CV-315-BO

| | |
|---|---|
| JOHN B. LASCHKEWITSCH as administrator for the Estate of Ben Laschkewitsch, <br><br> Plaintiff, <br><br> v. <br><br> LINCOLN LIFE AND ANNUITY DISTRIBUTORS, INC., d/b/a/ LINCOLN FINANCIAL GROUP, INC., <br><br> Defendant. | **ORDER** |

This matter is before the Court on plaintiff's *pro se* motion regarding sufficiency of defendant's answers and objections [DE 72], his *pro se* emergency motion for leave of court to depose Valerie W. Loftin [DE 74], and his *pro se* motion to compel production and interrogatory answers and objections [DE 76]. For the following reasons, the motions are DENIED.

## BACKGROUND

On March 21, 2014, this Court entered an order denying some frivolous motions filed by plaintiff. [DE 64]. A review of this litigation in addition to similar litigation between plaintiff and the ReliaStar Life Insurance Company ("ReliaStar Litigation") *Reliastar Life Ins. Co. v. Laschkewitsch*, No. 5:13-CV-210-BO, reveals a pattern of plaintiff filing frivolous motions with this Court. *See* [DE 57, 59]; *Reliastar* [DE 100]. On May 5, 2014, plaintiff filed a "motion regarding sufficiency of defendant's answers and objections" in which he accuses Lincoln of failing to respond in good faith and fairness to the substance of plaintiff's first request for admissions and his request for reconsideration, and, instead, merely stating "denied" in response

to several of the requests for admission. [DE 72 at 1]. On May 9, 2014, plaintiff filed an "emergency motion for leave of court to depose Valerie W. Loftin" alleging that Ms. Loftin failed to appear for a scheduled deposition. [DE 74 at 1]. On May 9, 2014, plaintiff also filed a "motion to compel production and interrogatory answers and objections" alleging that Lincoln has failed to fully answer, produce, or reasonably respond to plaintiff's second set of interrogatories and production requests. [DE 76 at 1]. Lincoln opposes each motion.

## DISCUSSION

The motions before the Court today are merely an extension of plaintiff's habit of filing frivolous motions. Plaintiff seems convinced that he can catch defendant in a trap of technicalities that will force defendant to make admissions which are fatal to its defense. Rather than focusing his attention and effort on the merits of his case, plaintiff continues to pursue meritless motions which force this Court to waste judicial resources in adjudicating them. The Court now considers the motions before it.

First, defendant has demonstrated that it properly responded to defendant's requests for admissions. Accordingly plaintiff's first motion [DE 72] is denied. Even if it did not provide sufficient explanation behind its denials to comply with FED. R. CIV. P. 36(a), originally, defendant has demonstrated that it, in an effort to work with plaintiff, amended its answers after clarifications were made. Further, its response memorandum filed with the Court on May 14, 2014, adequately explains its denials and is in compliance with the Rules. The Court notes that it did not consider plaintiff's reply brief, [DE 82], in considering this motion as the Local Rules clearly state that "[r]eplies are not permitted in discovery disputes." Local Rule 7.1(f)(2). Plaintiff has previously been warned by the Court that:

> [t]hough plaintiff is proceeding *pro se* and the Court may not hold him to the same standards as an attorney, he is still expected to comply with the rules of

2

procedure and is advised to familiarize himself with both the Federal Rules of Civil Procedure and the Local Rules of this Court before proceeding further in this matter.

[DE 56]. Although defendant has filed a motion to strike plaintiff's reply brief pertaining to this issue, [DE 90], that motion is denied as moot at this time, as the Court did not consider plaintiff's reply.

Second, plaintiff argues that he should be granted leave of Court to depose a Valerie Loftin because he alleges that she was served with a subpoena, failed to appear at her deposition, and failed to provide notice of her refusal to appear. However, it appears that Ms. Loftin was never validly served. "Any person who is at least 18 years old and not a party may serve a summons and complaint." FED. R. CIV. P. 4(c). Although service by mail is allowed, there is still a requirement for who may affect service. "It is well established that [Rule 4(c)(2)] prohibits service of process by a party in all forms. Thus a plaintiff . . . may not effectuate service by sending a copy of the summons and complaint through certified mail." *Wilson v. Sun Trust Bank, Inc.*, 2011 WL 1706763, *1 (W.D.N.C. May 4, 2011). The Court has previously informed plaintiff of this requirement in the ReliaStar Litigation. *See Reliastar* [DE 130 at 4].

Further, Ms. Loftin has contacted this Court and advised that her husband was contacted by someone who represented that she was calling from the "Federal Court" and was following up to make sure Ms. Loftin would be appearing for her deposition. Ms. Loftin, who happens to be an attorney, knew that service by mail on Mr. Loftin was not proper service on Ms. Loftin, and she notified the Court that she did not believe service was proper and that she would not be appearing for her deposition. Despite this, defendant agreed to help plaintiff locate Ms. Loftin and participate in Ms. Loftin's deposition provided that proper service was made. However, proper service has not been shown to be made, and plaintiff did not file his motion until two

3

weeks after the first scheduled deposition of Ms. Loftin and one week after the close of discovery in this case. Further, the June 2, 2014 deadline for the filing of dispositive motions has already passed. In light of the circumstances, the Court sees no justification for reopening the discovery period. Accordingly, plaintiff's motion [DE 74] is denied.

Third, plaintiff moves the Court to compel production and interrogatory answers and objections. [DE 76]. Defendant has demonstrated that it properly responded to plaintiff's interrogatories and requests for production. Accordingly plaintiff's motion [DE 76] is denied.

## CONCLUSION

For the foregoing reasons, plaintiff's motions [DE 72, 74, and 76] are DENIED. The motions are clearly meritless. Further defendant's motion to strike [DE 90] is DENIED AS MOOT.

SO ORDERED.

This the ___9___ day of June, 2014.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

4