IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:13-CV-315-BO

JOHN B. LASCHKEWITSCH as administrator )
for the Estate of Ben Laschkewitsch, )
)
    Plaintiff, )
)
v. )      O R D E R
)
LINCOLN LIFE AND ANNUITY )
DISTRIBUTORS, INC., d/b/a/ LINCOLN )
FINANCIAL GROUP, INC., )
)
    Defendant. )

This matter comes before the Court on a motion by plaintiff, *pro se*, for relief from judgment. Defendant has responded, plaintiff has replied, and the motion is ripe for ruling. Also before the Court and ripe for adjudication are plaintiff's motions to seal and defendant's motion for entry of a prefiling injunction.

## BACKGROUND

The Court incorporates by reference the factual background of this matter as recited in its summary judgment order entered September 16, 2014. [DE 114]. Since final judgment was entered in this case, the Court has denied plaintiff's motion to alter or amend judgment and the court of appeals has dismissed his appeal. [DE 120; 135]. The United States Supreme Court has denied plaintiff's petition for writ of certiorari. [DE 140]. On September 5, 2017, plaintiff filed the instant motion for relief from judgment pursuant to Rules 60(a) and 60(b)(4) of the Federal Rules of Civil Procedure. Plaintiff asks this Court to correct its prior errors arising from oversight

or omission and to dismiss defendant's counterclaims for lack of subject matter jurisdiction due to defendant's failure to demonstrate standing.

## DISCUSSION

Rule 60(a) of the Federal Rules of Civil Procedure allows a court to correct clerical mistakes or mistakes arising from oversight or omission. Fed R. Civ. P. 60(a); *Am. Trucking Ass'ns v. Frisco Transp. Co.*, 358 U.S. 133, 145 (1958) ("It is axiomatic that courts have the power and the duty to correct judgments which contain clerical errors or judgments which have issued due to inadvertence or mistake."). Rule 60(a) allows a court to correct typographical and clerical errors as well as ambiguities in a prior order, or make corrections that are consistent with the court's intention. *Sartin v. McNair Law Firm PA*, 756 F.3d 259, 266 (4th Cir. 2014) (listing cases). Thus, "the scope of a court's authority under Rule 60(a) to make corrections to an order or judgment is circumscribed by the court's intent when it issued the order or judgment." *Id.*

Plaintiff has presented no grounds in his motion which would support relief under Rule 60(a). Although plaintiff refers to "omissions" and "oversights" in the Court's prior order on summary judgment, he has failed to identify any "correction" required to make the order consistent with the Court's intent. His motion on this basis is denied.

Rule 60(b)(4) of the Federal Rules of Civil Procedure provides for relief from final judgment where the judgment is void. "An order is 'void' for purposes of Rule 60(b)(4) only if the court rendering the decision lacked personal or subject matter jurisdiction or acted in a manner inconsistent with due process of law." *Wendt v. Leonard*, 431 F.3d 410, 412 (4th Cir. 2005). Where, as here, a judgment is challenged as void on the basis of the absence of subject matter jurisdiction, the jurisdictional error must be deemed egregious before the judgment will be treated as void, and it must be demonstrated that there was a "'total want of jurisdiction' and no arguable

2

basis on which [the court] could have rested a finding that it had jurisdiction." *Id.* at 413 (quoting *Nemaizer v. Baker*, 793 F. 2d 58, 65 (2nd Cir. 1986)).

Plaintiff challenges defendant's standing to have brought its counterclaims. Federal courts may consider only cases or controversies, and "the doctrine of standing has always been an essential component" of the case or controversy requirement. *Marshall v. Meadows*, 105 F.3d 904, 906 (4th Cir. 1997) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992)). To demonstrate standing, a plaintiff must establish that they have suffered an injury in fact that is concrete and particularized, that the injury is fairly traceable to the challenged action of the defendant, and that the injury is likely to be redressed by a favorable decision from the Court. *Chambers Med. Techs. of S.C., Inc. v. Bryant*, 52 F.3d 1252, 1265 (4th Cir. 1995) (citing *Lujan*, 504 U.S. at 555); *see also Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016), as revised (May 24, 2016).

Plaintiff has failed to demonstrate that there is no arguable basis for the Court to have found it had jurisdiction over defendant's counterclaims. The Court's summary judgment order plainly detailed that plaintiff's fraud against defendant was beyond dispute, that plaintiff engaged in unfair and deceptive trade practices, that he engaged in misrepresentation, that plaintiff breached his producer agreement with defendant, and that defendant was damaged thereby. Accordingly, contrary to plaintiff's argument that defendant's alleged injury was not imminent or concrete, defendant had standing to assert its claims against plaintiff. Moreover, nothing in the Court's review of this matter would convince it that there was a total want of jurisdiction over defendant's counterclaims. Plaintiff's motion on this ground is also denied.

At bottom, although judgment has been entered and this case is closed, plaintiff seeks another opportunity to litigate his claims and defenses. Rule 60, however, "may not be used to

3

relitigate claims already decided by the court." *Saunders v. City of Petersburg Police Dep't*, 158 F. App'x 491 (4th Cir. 2005); *see also CNF Constructors, Inc. v. Donohoe Const. Co.*, 57 F.3d 395, 401 (4th Cir. 1995) (Rule 60 not a substitute for direct appeal).

Defendant has filed a motion for entry of a prefiling injunction in this matter, which would prevent plaintiff from filing any document against defendant in this case and enjoin plaintiff from filing any action against defendant or its related entities arising from the underlying factual allegations of this case without first obtaining leave of court. "[T]he All Writs Act, 28 U.S.C. § 1651(a) (2000), grants federal courts the authority to limit access to the courts by vexatious and repetitive litigants", but "[s]uch a drastic remedy must be used sparingly . . . consistent with constitutional guarantees of due process of law and access to the courts." *Cromer v. Kraft Foods N. Am., Inc.*, 390 F.3d 812, 817 (4th Cir. 2004). The Court declines to exercise its discretion to enter a prefiling injunction against plaintiff at this time. Plaintiff is, however, warned that continuing to file baseless motions in closed cases may lead to just such a result.

Finally, the Court has considered plaintiff's motions to seal. For good cause shown, and as the requested sealed material consists of personal medical records, the motions to seal are granted.

## CONCLUSION

For the foregoing reasons, plaintiff's motion for relief from judgment [DE 141] is DENIED. Plaintiff's motions to seal [DE 144 & 151] are GRANTED. Defendant's motion for prefiling injunction [DE 147] is DENIED WITHOUT PREJUDICE.

SO ORDERED. This ___ day of December, 2017.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

4